**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Ernest Larry Tabaha,<br><br>Defendant. | No. CR-25-08028-001-PCT-SPL<br><br>**ORDER** |

On May 6, 2025, Magistrate Judge Camille D. Bibles ordered that Defendant Ernest Larry Tabaha ("Defendant") be detained pending trial as a danger to the community and as a flight risk. (Doc. 11). On May 29, 2025, Defendant filed a Motion to Review the Detention Order Pursuant to 18 U.S.C. § 3145 (the "Motion"). (Doc. 19). On June 16, 2025, after the Government filed its Response opposing Defendant's request (Doc. 20), this Court held a hearing on the Motion. (Doc. 22). Having carefully considered the parties' arguments—both those in their briefing and those made at the hearing—the Court now issues this Order denying Defendant's Motion.

"[F]ederal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Thus, "[o]nly in rare circumstances should release be denied" and any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id.* "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the

order." 18 U.S.C. § 3145(b). When reviewing a magistrate judge's detention order, "the district court is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court may not give any deference to the magistrate's ultimate conclusion. *Id.* The Bail Reform Act of 1984 (the "Act") requires that a defendant facing trial be released under the least restrictive conditions that will reasonably assure his appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B). "[T]he government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Section 3142(g) provides the factors "that must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community." *Id.* (citing 18 U.S.C. § 3142(g)). The factors are: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 1342(g). "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." *Gebro*, 948 F.2d at 1121. Otherwise, "[t]he weight to be accorded to each of these factors rests in the Court's discretion." *United States v. Gentry*, 455 F. Supp. 2d 1018, 1020 (D. Ariz. 2006).

Here, the Court finds that the Government has met its burden and has sufficiently demonstrated that Defendant should be detained. Having fully considered the relevant factors, the Court concludes that no condition or combination of conditions would reasonably assure Defendant's appearance as required or the safety of the community.

As to the first Section 3142(g) factor, the nature and circumstances of the offenses charged against Defendant weigh in favor of denying release. Defendant is charged with

two counts of Sexual Abuse pursuant to 18 U.S.C. §§ 1153 and 2242, and one count of Abusive Sexual Contact pursuant to 18 U.S.C. §§ 1153 and 2244(a)(2). (Doc. 1). The victim in this case was a minor at the time of the alleged offense. (Doc. 17 at 4, 9). Under 18 U.S.C. § 3142(e)(3)(E),

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under section . . . 2242[.]

Thus, due to the nature of the offense, there is a rebuttable presumption that no combination of conditions will reasonably assure his appearance in court and the safety of the community. "Once this presumption is triggered, 'the defendant [must] produce some credible evidence forming a basis for his contention that he will appear and not be a threat to the community.'" *United States v. Marigny*, 20-MJ-70755-MAG-1, 2020 WL 4260622, at *1 (N.D. Cal. July 24, 2020) (citation omitted). To rebut the presumption, Defendant points to his lack of a prior criminal history, long history of employment, and significant family ties to Arizona. (Doc. 19 at 10). Additionally, Defendant argues that his compliance with law enforcement and lack of criminal behavior during the 15 months following the alleged offense demonstrates that he is not a threat to the community nor a flight risk. (*Id.* at 8). The bar to rebut the presumption is fairly low, *see generally United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985), and the Court finds that Defendant has proffered sufficient evidence to rebut the presumption. However, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Considering the relevant § 3142(g) factors, the Court finds that nature and circumstances of the offense are, as the Government puts it, "remarkably serious" and predatory. (Doc. 20 at 3). The evidence proffered by the United States demonstrates that

Defendant, who was in a long-term relationship with the victim's mother and served a father-figure role to the victim, waited until the victim's mother was out of town, pressured the victim into drinking a copious amount of alcohol, and at one point, left the home to get more alcohol to give to the victim. (*Id.*). After pressuring the victim to "slam" a full cup of vodka, Defendant attempted to "steer[] things in a sexual direction"—specifically, he grabbed her hips, followed her into her bedroom, and attempted to show her pornographic memes on his phone—and then, after the victim rebuffed his advances, waited until she had "passed out" to sexually assault her. (*Id.*; Doc. 17 at 8). Subsequently, Defendant told law enforcement officers that the victim "wanted him to 'rape her or something.'" (Doc. 20 at 3). These allegations—in particular, the allegations that he waited until the victim's mother had left town to attempt to get the victim intoxicated and to sexually assault her—lead the Court to find that the nature of the offense charged against Defendant involves deception and dishonesty, which indicates that the Defendant is less likely to abide by the conditions of release set by the Court. The Court is concerned with this alleged dishonesty and finds that it undermines Defendant's contention that he will appear as required. In sum, the Court finds that the first factor weighs against release.

As to the second factor, the weight of the evidence weighs in favor of detention. As noted above, this factor is the least important in light of his presumed innocence. *See Gebro*, 948 F.2d at 1121. Defendant has pleaded not guilty and intends to prove his innocence in this case. (Doc. 19 at 3). However, while the Court makes no determination as to the innocence or guilt of Defendant at this stage of the proceedings, the weight of the evidence in this case is particularly strong because Defendant's DNA was found on the victim. *See* (Doc. 20 at 4); *United States v. Davidek*, 2:23-CR-00158-TLN, 2024 WL 2114779, at *2 (E.D. Cal. May 9, 2024) (finding weight of evidence factor to weigh against release where DNA evidence matched the defendant accused of sexually abusing a minor). Moreover, the Government proffered evidence that the Defendant apologized to both the victim and her mother about the incident and told law enforcement details of the incident. (Doc. 17 at 8–9). The Court therefore assigns some weight to this factor.

Third, the Court must assess the history and characteristics of Defendant. At the June 16, 2025 Hearing, the Government conceded that this is the only § 3142(g) factor that weighs in favor of release. Defendant is a 64-year-old enrolled member of the Navajo tribe and has no prior criminal history. (Doc. 9 at 2–4; Doc. 20 at 4). Defendant does not have significant funds or savings, and while it is unclear whether he is currently employed, he has a long work history. (Doc. 9 at 2–3). Defendant further argues that he has never failed to appear for a court hearing and has strong family ties with which he can reside with at the Court's direction pending trial. (Doc. 19 at 9). This factor is neutral or weighs in favor of release; however, as discussed below, it does not outweigh the other factors that weigh against release. *Hir*, 517 F.3d at 1091 ("We conclude that [Defendant's] history as a law-abiding citizen and his significant ties to the local community do not outweigh the extremely serious nature of the offenses with which he is charged[.]").

As to the fourth factor, the Court finds that the nature and seriousness of the danger posed by Defendant weighs in favor of detention. He faces potential life sentences on two counts in the Indictment. (Doc. 6-1 at 2). The charges against Tabaha involve a crime against a minor victim. Minor victims "are especially vulnerable and unable to defend themselves. This heightens the danger posed to the community." *United States v. Brugnoli-Baskin*, No. 2:22-MJ-00499-MAT-LK, 2022 WL 16636429, at *5–6 (W.D. Wash. Nov. 2, 2022); *Marigny*, 2020 WL 4260622, at *4 ("the potential further commission of similar offenses against minor victims poses a grave risk to potential victims and the community at large"). Moreover, as the Government points out, Defendant was in a relationship with the victim's mother and abused his responsibility to care for the victim as an opportunity to sexually violate her. (Doc. 20 at 4). The Court is concerned about the potential danger to the community at large in light of Defendant's alleged willingness to prey upon a quasi-family member.

At the June 16, 2025 Hearing on the Motion, Defendant argued that the Government's 15-month delay in bringing charges against Defendant following the alleged offense demonstrates the Government's lack of concern about the danger Defendant poses

to the community. (Doc. 22). Defendant further argued that his compliance with law enforcement and the fact that he did not abscond or commit further crimes during that 15-month period demonstrates that he is not a flight risk or threat to the community. (*Id.*). After hearing the Government's explanation regarding the delay, the Court is not convinced that the delay in bringing charges resulted from the Government's belief that Defendant is not a danger to his community. Furthermore, the Court is unpersuaded that Defendant's law-abiding behavior and failure to abscond prior to facing charges is indicative of whether Defendant poses a flight risk now that he faces multiple life sentences. All told, the nature of the charged conduct leads the Court to find that Defendant is a danger to the community, and the length of the sentence if he is convicted gives him an incentive to abscond or otherwise flee.

Finally, the Court finds that no condition or combination of conditions would reasonably assure Defendant's appearance as required or the safety of the community. The ultimate effectiveness of Defendant's suggested conditions—including electronic monitoring, travel and residence restrictions, and curfew restrictions—relies heavily on Defendant's compliance with those conditions, and the Court has doubts over Defendant's ability to maintain such compliance given the allegations against him and his potential incentives to flee. *See Hir*, 517 F.3d at 1092–93 (noting conditions only effective insofar as the defendant complies in good faith with them); *United States v. Aiad-Toss*, No. 4:19-CR-00521, 2020 WL 1514482, at *2 (N.D. Ohio Mar. 30, 2020) ("While the location monitoring that Defendant proposes may offer useful information about where he is, it would provide little useful information about what he is doing."). For the reasons discussed above—namely, the deceptive nature of Defendant's alleged offenses—the Court concludes that the risk that Defendant would not comply is unacceptably high. *See Hir*, 517 F.3d at 1093. The Court further concludes that no set of conditions could reasonably assure Defendant's appearance and the safety of the community.

Accordingly,

///

**IT IS ORDERED** that Defendant's Motion to Review the Detention Order Pursuant to 18 U.S.C. § 3145. (Doc. 19) is denied.

Dated this 18th day of June, 2025.

Honorable Steven P. Logan
United States District Judge